SPECTOR, Chief Judge.
After a trial without a jury, appellant was convicted of possession of marijuana and sentenced to a year in the county jail, said sentence to be suspended after four months and appellant to be thereafter placed on probation for two years.
The sole question on this appeal is whether the arresting officer had probable cause to make a valid arrest without a warrant.
The following factual situation is involved in the present case. At about 7:30 P.M., Deputy Sheriff Jones of Volusia County heard the Flagler County Sheriff’s Office in Bunnell transmit a message asking them to be on the lookout for a White Dodge camper-type van bearing New Jersey tags. According to the dispatcher, the van had been seen in Flagler County occupied by several white males who were passing some type of pipe around and giving an indication that they were using drugs. Jones received no further information concerning the van or its occupants. He then went to a service station and observed the described van. He followed the van whose interior lights were on and noticed that the occupants inside appeared to be passing around a cigarette and using a cupped-hand mannerism. Jones testified that he followed the van for a distance of aproxi-mately 10 to 12 miles at a speed of from 25 to 45 miles per hour and at a distance of from 30 feet to one mile behind the van. Jones radioed for assistance, and in New Smyrna Beach four policemen in three different cars pulled the van over to the side of the road. Jones ran to the back door, pulled it open and told the four occupants that they were under arrest for the possession of narcotic drugs.
*566 One of the occupants, Mr. Boylan, was observed to be stuffing something into his mouth. Jones had Boylan spit the substance into Jones’ hand and that substance, along with some loose leaves found on Boy-lan’s lap and upon the cushion where he was seated, were introduced into evidence as marijuana. No marijuana was found on any other individual.
Prior to appellant’s trial, he moved to suppress the contraband seized at the time of his arrest, alleging that the warrantless arrest was without probable cause, and therefore the evidence secured as an incident thereto should have been excluded from his trial.
In our view there was sufficient evidence to sustain the arresting officer’s probable cause to make a valid arrest. The record reflects that as he followed the vehicle in which defendant was riding, he observed one or more of the occupants pass around a cigarette-like object and smoke it by using a cupped-hand mannerism said to be characteristic of marijuana smoking. He saw some one or more persons in the vehicle engaged in that conduct which he learned during his police training to be characteristic conduct of those engaged in a “pot” smoking party. His earlier receipt of the “lookout” radio message from the nearby sheriff, when coupled with his observations, gave him probable cause to believe that one or more of the occupants of the vehicle were engaged in the commission of conduct proscribed by statute. Consequently, the arrest being valid, the marijuana found in codefendant Boylan’s mouth was properly seized and constituted ample proof that codefendant Boylan was then and there in possession of the forbidden weed.
What the arresting officer saw inside the moving vehicle was enough to give him probable cause to believe a crime was being committed so as to justify the arrest and a consequent search. In United States v. Heitner, 149 F.2d 105, 106 (C.A.2d Cir.), Judge Learned Hand, speaking for the court, stated:
“It is well settled that an arrest may be made upon hearsay evidence; and indeed, the ‘reasonable cause’ necessary to support an arrest cannot demand the same strictness of proof as the accused’s guilt upon a trial, . . .”
In State v. Outten, 206 So.2d 392 (Fla.1968), the court recognized the distinction in these two quantums of proof by stating at page 397:
“The facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which conviction must be based.”
Accordingly, the judgment appealed herein is affirmed.
WIGGINTON, J., concurs.
JOHNSON, J., dissents.
JOHNSON, Judge
(dissenting).
It is with reluctance that I find myself unable to agree with the majority opinion of this Court in this case. The statement of facts as outlined in the majority opinion did not quite enumerate all the circumstances. In the preliminary hearing, the State’s witness, Deputy Jones, had testified as follows:
“And your answer: I was in the sheriff’s office in Holly Hill when we received a call from Flagler County’s Sheriff’s office advising us that a van giving us a description and tag number, containing several boys had left a service station in Flagler County headed toward our county.
“The boys were reacting very peculiarly and were passing around a pipe which they were smoking and the information we received from Flagler County was that the boys gave all indications of being under some type of drugs.
*567 “This was your testimony?
“A. That was my testimony, yes, sir.
“Q. Is that true and correct?
“A. Yes, sir.
“Q. Then if it wasn’t they were using some drugs, it was they were under some type of drugs, is that correct?
“A. Yes, that would be correct.
“Q. So that your testimony before the Court a few moments ago was in error, is that right?
“A. Yes.”
Deputy Jones admitted that he did not inquire from the Flagler County dispatcher as to how the occupants of the van were acting which led the Flagler County officer to suspect a law was being violated. The net effect of the radio dispatch was no more than a suspicion. Then Deputy Jones, after seeing a van truck meeting the description of the truck in the radio dispatch, followed the truck from Day-tona to New Smyrna Beach, following at distances from 30 feet to as much as a mile at times. It is his testimony that he saw the occupants of the van truck pass among themselves a cigarette using the mannerism associated with marijuana smoking, with cupped-hand and head thrown back. This was all the said deputy had upon which to base his right to stop a motor vehicle on the street, which admittedly, was not violating any traffic laws, and arrest the occupants of the vehicle and search them and the vehicle.
I have no love for the marijuana users, but I do have a deep-seated respect for the United States and Florida constitutional individual rights and guarantees against unreasonable search and seizure. Florida Constitution, Art. 1, Section 12 (1968), F.S.A., and Florida Constitution 1885, Declaration of Rights, Section 22.
In order to legally justify an arrest and subsequent search on a highway, without warrant, the arresting officer must be able to show that he had probable cause. As was said by the Florida Supreme Court in Collins v. State, 65 So.2d 61, 65 (1953):
“. . . where it is impossible or impracticable to secure a search warrant the officer making the search and seizure must be prepared to convince the court that the information he possessed was sufficient basis for the issuance of a warrant had he applied for one.
In the Collins case, supra, the Court said an illegal search cannot be made legal by the fruits it produces.
In Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 288, 69 L.Ed. 543:
“The damnable character of the ‘bootlegger’s’ business should not close our eyes to the mischief which will surely follow any attempt to destroy it by unwarranted methods. . . .”
It is obvious that in this case, without the fruit of the search, there would not be any case against the defendant. There was not enough evidence that the State could produce that would have supported a conviction of unlawful possession and control of a narcotic drug.
Again, we find the Supreme Court of Florida has laid down the law in Kraemer v. State, 60 So.2d 615, 617 (1952):
“. . . Even law enforcement officers should not be allowed to invade constitutional rights upon nothing more than suspicion, although ultimately justified; nor should suspicion be substituted for known facts which alone can form a lawful basis for probable cause. The countenance of such procedure would be but the initial step toward the introduction of ‘gestapo’ methods. The end result of such an invasion of personal constitutional rights does not justify the means by which it was attained. . . .”
The facts in the case sub judice are far less conclusive than the facts in the case of State v. Profera, 239 So.2d 867 (Fla.App. *568 4th, 1970) which the State relies on. Here the deputy sheriff had no more than a suspicion that the appellant and his companions were guilty of possession of narcotic drugs. The facts, as seen by the deputy sheriff, had it been practical to get a search warrant, would not have warranted a court granting a search warrant, and as it was said in Collins, supra, in effect, if the probable cause is not evident from the affidavit for search warrant, the search will be illegal and the evidence seized as a result thereof, incompetent and the trial court should have suppressed the same as requested by the appellant (defendant).
For these reasons, I think the arresting officer lacked sufficient probable cause to stop the vehicle and to search the same and without this seized evidence, there was not enough evidence to sustain the conviction of the appellant. Therefore, I would reverse.